```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
-------------------------------------------------------X
BC Insurance SA.                                       :
on its own behalf                                      :
and as placing brokers and agents for                  :
EUROBULK LTD.,                                         :    Case No.: 1:24-cv-21710
                                                       :
                Plaintiff,                             :
                                                       :
     - against -                                       :
                                                       :
REDBRIDGE INSURANCE                                    :
COMPANY LTD                                            :
                Defendant.                             :
-------------------------------------------------------X
```

## VERIFIED COMPLAINT

Plaintiff, BC Insurance SA on its own behalf and as placing brokers and agents for Eurobulk Ltd. ("Plaintiff" or "BC Insurance"), by and through its attorneys, Tisdale & Nast Law Offices, LLC (*pro hac vice* pending), and Spector Rubin, P.A., as and for its Verified Complaint against the Defendant, REDBRIDGE INSURANCE COMPANY LTD ("Defendant" or "RICL"), alleges, upon information and belief, as follows:

### JURISDICTION AND VENUE

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1333 since the claim for which security is sought arises out of a marine insurance policy evidenced by Cover Note A108/2021 dated February 10, 2022 for the underwriting year November 1, 2021 to October 31, 2022 between the insured Eurobulk Ltd and Defendant RICL who underwrote 2.5% of the risk, the breach of which gives rise to a maritime claim.

2. As will be discussed more fully herein, Plaintiff has demanded payment of the amounts owed pursuant to the insurance policy. However, to date, Defendant has refused to honor its obligations thereunder and is now in breach.

3. A true copy of the Cover Note is attached hereto as **Exhibit 1** to the Declaration of Andrea Serra of BC Insurance and will be specifically discussed *infra*.

4. Venue is proper in this District because there is or will be during the pendency of this action property due and owing to or held for the benefit of the Defendant within this District and in the hands of a non-party garnishee, namely FirstBank Florida located in Coral Gables, FL, within this Judicial District.

5. It is believed that non-party Garnishee FirstBank Florida may be holding Defendant's property (which is subject to this maritime attachment) within this District since, Plaintiff has reason to believe that Defendant has directed premium to be paid into an account in the name of non-party Redbridge Group, LLC located in Coral Gables, FL.

**PARTIES**

6. Plaintiff BC Insurance is a foreign corporation organized and existing under the law of Switzerland and maintains its principal place of business in Paradiso, Switzerland. At all material times, BC Insurance was acting as broker and agent for its insured Eurobulk Ltd. ("Eurobulk") and Eurobulk's subsidiaries and affiliated companies and is duly authorized to bring this Action. Plaintiff also brings this action on behalf of and as the trustee for any other entities who may have an interest in the proceedings, as their interests may appear.

7. Upon information and belief, Defendant RICL is a corporate entity organized under the laws of Barbados with its principal place of business at St. James House, 2nd Street Holetown,

St. James, Barbados.  RICL is not authorized or registered to do business within the State of Florida.

8. According to its own webpage, RICL's "products are not offered in the USA." (**Exhibit 3 to Tisdale Declaration**).  In its promotional material sent to Plaintiff (**Exhibit 2 to Serra Declaration**), RICL identifies itself as a wholly owned subsidiary of Redbridge Holding, Inc. ("Redbridge Holding") which is understood to be a business organization incorporated in Puerto Rico.  The promotional material shows no direct parent and subsidiary connection between RICL and Redbridge Group of Florida, Inc.

9. On its website, RICL advertises that it is 100% subsidiary of Redbridge Holding, LLC of Puerto Rico and that it is an owner of Redbridge Group, LLC ("Redbridge Group") of Florida. (**Exhibits 3 and 4 to Tisdale Declaration**).  According to the Florida Department of State Division of Corporations' records, Redbridge Group, LLC is a Florida LLC which merged in 2021 with Redbridge Group of Florida, LLC, Redbridge Network & Healthcare, LLC and Redbridge Solutions, LLC.  Redbridge Group's listing with the Florida Department of State, Division of Corporations (**Exhibit 2 to Tisdale Declaration** ) identifies Redbridge Group as having its principal place of business at 1300 Ponce de Leon Blvd., Suite 103, Coral Gables, Florida.  RICL is identified as a member of Redbridge Group from its Barbados office, the other member being Edmond Santiago at the Redbridge Group address.  The Redbridge Group authorized representative is Laurie Weil from the Redbridge Group address.  *See* also Declaration of Thomas L. Tisdale  in Support of Maritime Attachment, **Exhibit 2**.

## DEFENDANT'S BREACH OF MARINE INSURANCE POLICY

10. This dispute arises out of RICL's breach of a hull and machinery marine insurance policy evidenced by Cover Note Cover Note A108/2021 and is brought in the name of Plaintiff

BC Insurance in their role as brokers and agents for their insured, Eurobulk Ltd. and as trustee of any other third party with an interest in the outcome of the dispute.

11. Under the policy, RICL agreed to accept 2.5% of the risk under the policy for the policy term.

12. During the coverage period, RICL was obligated to pay an indemnity of USD $196,725.18 plus interest to the Eurobulk Ltd in connection with three claims on two vessels covered under the policy.

13. Since these claims have been liquidated and finalized, they are not subject to any further adjustment or dispute.

14. Plaintiff has made demand upon Defendant for payment of the indemnities, but Defendant has refused to meet its obligations under the policy.

15. Defendant RICL has offered no explanation for its non-payment of undisputed amounts owed.

16. As a result, Defendant has breached the marine insurance policy evidenced by Cover Note A108/2021. **Exhibit 1 to** Declaration of Andrea Serra.

17. The Cover Note provides that disputes under the policy are subject to English and Welsh law and jurisdiction. Suit will be instituted there by Plaintiff as soon as security is obtained.

## RULE B MARITIME ATTACHMENT

18. Given the factual background set out above, Defendant is liable in damages to pay the following sums to Plaintiff:

| | | | |
|---|---|---|---|
| A. | Indemnities Owed to the Insured | USD | 196,725.18 |
| B. | Interest at 6% for three years compounded quarterly | US | 38,483.02 |

4

|   |   |   |   |
|---|---|---|---|
| C. | Legal fees | USD | 200,000.00 |
| **TOTAL** |   | **USD** | **435,208.20** |

19. Per information obtained from industry and publicly available sources, Plaintiff has reason to believe that funds belonging to Defendant are held in the Redbridge Group, LLC bank account in Miami, FL.

20. Based upon this information, Defendant has or will have assets or property at FirstBank Florida in this District.

21. Upon information and belief, non-party Garnishee FirstBank Florida has an office and place of business within this Judicial District at 9795 South Dixie Hwy, Miami, FL 33156. Based on this information, it is believed that Defendant has or will have property in this District.

22. Upon information and belief, Garnishee FirstBank Florida holds property belonging to Defendant in this District.

23. Plaintiff seeks security for its claims against Defendant.

24. Although Defendant's subsidiary company Redbridge Group is believed to be present in Florida, Defendant RICL, a Barbados entity, cannot be found within the District within the meaning of Supplemental Admiralty Rule B. Plaintiff has filed herewith a Memorandum of Law and detailed Affidavit which addresses this issue and the efforts undertaken by Plaintiff to locate Defendant within this District.

25. As stated on its website, Defendant's subsidiary Redbridge Group, LLC maintains an office in Coral Gables, FL. Other than its subsidiary, Defendant does not appear to have a nexus with the Southern District of Florida.

26. During placement of the subject insurance policy, communications were made between BC Insurance and RICL through a chain of producing and placing brokers. Negotiation

of this policy did not take place in Florida. No representatives of Plaintiff or Eurobulk Ltd travelled to Florida in connection with the policy, these claims, or for any other reason connected with RICL or with Redbridge Group.

27. Other than the presence of Defendant's subsidiary in Florida and RICL's believed use of the subject bank account in Florida, Plaintiff is not aware of any RICL nexus with this Judicial District.

28. As demonstrated by the attached Declaration, Plaintiff has attempted to locate the Defendant in this Judicial District, but has been unable to locate an agent for service of process or evidence that Defendant is subject to general personal jurisdiction in FL that would subject Defendant to being "found" within the District within the meaning of Rule B.

29. Pursuant to S.D. Fla. Local Admiralty Rule B(1), Defendant RICL cannot be served with a summons and complaint in Florida since it is a Barbados entity with no general agent or registered agent in this District.

30. The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of a garnishee within the District including but not limited to FirstBank Florida.

31. The Plaintiff seeks an order from this Court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching, *inter alia*, any property of the Defendant held by FirstBank Florida or any other garnishees within the District for the purpose of obtaining

security for its claims. Security in the amount of 150% of the total claims are sought (The Supplemental Admiralty Rule authorizes security up to double the claim in suit).

**WHEREFORE**, Plaintiff prays:

A.     That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

B.     That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all goods, chattels, credits, letters of credit, bills of lading, funds, effects, debts and monies, tangible or intangible, or any other funds up to the amount of **US $652,812.30**.  belonging to, due or being transferred to, from, or for the benefit of the Defendant REDBRIDGE GROUP INSURANCE COMPANY LTD including but not limited to such property as may be held, received or transferred in Defendant's name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of FIRSTBANK FLORIDA  or any banking/financial institutions and/or other institutions or such other garnishees to be named, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Verified Complaint.

C.     That this Court award Plaintiff the attorneys' fees and costs incurred in this action; and

D.     That the Plaintiff have such other, further and different relief as the Court deems just, proper and equitable.

Dated: May 2, 2024

                      Attorneys for the Plaintiff,

                      */s/ Andrew Spector*
                      Andrew R. Spector
                      Spector Rubin, P.A.
                      3250 Mary Street
                      Suite 405
                      Miami, FL 33133
                      Phone: 305-537-2000

                      */s/ Thomas L. Tisdale*
                      Thomas L. Tisdale
                      Tisdale & Nast Law Offices, LLC
                      Chrysler Building
                      405 Lexington Ave., 26th Floor
                      New York, NY 10174
                      Tel:    212 354 0025
                      Fax:   212 869 0067
                      *ttisdale@tisdale-law.com*
                      **Pro Hac Vice Pending or to be Pending**

## ATTORNEY'S VERIFICATION

Andrew Spector, an attorney duly authorized to practice before this Honorable Court, under the penalty of perjury of the laws of the United States, declares as follows:

1. My name is Andrew Spector.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an attorney at Spector Rubin P.A. attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

8. The foregoing is true and correct under penalty of perjury of the laws of the United States of America.

Dated: May 2, 2024

_____
Andrew Spector